D. C. HOPKINS and Others v. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY.

April 26, 1899.

Nos. 11,217—(35).

**Railway—Eminent Domain—Possession of Land Acquired.**

When a railroad company acquires land for any railroad purpose, by condemnation proceedings under the provisions of the general statutes, the necessity for taking the land for such public use is settled and determined by the order of the court appointing commissioners to ascertain the amount of the landowner's compensation. The railroad company is entitled to the exclusive possession of the land thus acquired, unless the court, in its order, limits the easement to be acquired by reserving certain

rights and privileges to the landowner. It rests with the railroad company alone to determine, when, and to what extent, it will take possession of the land thus acquired; and it is not open to the landowner to dispute its right to such possession on the ground that it is unnecessary for the use of the land by the company for the purpose for which it is condemned.

Action in the district court for Watonwan county. The complaint alleged that defendant unlawfully broke and entered upon plaintiffs' land, erected thereon two barb-wire fences, interfered with the cultivation of the land, and did other acts to the injury of plaintiffs, for which they demanded damages in the sum of $70. The cause was tried before Severance, J., who found in favor of plaintiffs, and ordered judgment in their favor for two dollars and costs. From an order denying a motion for a new trial, defendant appealed. Reversed.

*Thomas Wilson*, for appellant.

Defendant had the right to the exclusive possession of the land so long as it saw fit to use it for the purpose for which it was purchased; and the burden was not on it to show that the manner of the use was necessary or proper. Mills, Em. Dom. § 208; Lake Superior & M. R. Co. v. Greve, 17 Minn. 299 (322); Jackson v. Rutland, 25 Vt. 150; Chicago v. Patchin, 16 Ill. 198; Connecticut v. Holton, 32 Vt. 43; Hayden v. Skillings, 78 Me. 413; Troy v. Potter, 42 Vt. 265; Hurd v. Rutland, 25 Vt. 116; Wright v. Woodcock, 86 Me. 113; Lander v. City, 85 Me. 141; Brainard v. Clapp, 10 Cush. 6; Peirce v. Boston, 141 Mass. 481. The term "lands" includes all interest therein, and carries the full title. Hamon v. Bar Harbor, 78 Me. 127; Isham v. Morgan, 9 Conn. 374; G. S. 1894, § 255, subd. 8. The statute of limitations cannot run in favor of plaintiffs. Peirce v. Boston, supra.

*W. S. Hammond*, for respondents.

The condemnation proceedings show that there was no intention to acquire an estate in fee simple, or an easement that would exclude plaintiffs from use and occupancy. It is true that no reservation was made limiting the easement. But an unlimited right to erect snow fences is not a right to take from the possession of the owner land not necessary for the erection of such fences, which in

fact the company is not using. Lance's Appeal, 55 Pa. St. 16; In re New York v. Kip, 46 N. Y. 546; Crolley v. Minneapolis & St. L. Ry. Co., 30 Minn. 541. Defendant acquired an easement. In entering on the land for any purpose except to erect fences, or plant trees, defendant committed a trespass. The legislature is the judge of the amount of land necessary to be taken by condemnation. Scott v. St. Paul & C. Ry. Co., 21 Minn. 322; Gurney v. Minneapolis U. E. Co., 63 Minn. 70. Filing certified copies of the report of the commissioners passes title to the land, or the interest taken by the commissioners, and such records are notice. G. S. 1894, §§ 2615, 2616; Witt v. St. Paul & N. P. Ry. Co., 35 Minn. 404. G. S. 1866, c. 34, did not grant an absolute title in fee simple, but only an interest, or estate, sufficient to satisfy the necessities that demand the taking. This change from Laws 1857, c. 1, is significant. Kansas v. Allen, 22 Kan. 285.

MITCHELL, J.

Any railroad company has the power and right to acquire, by condemnation or otherwise, the necessary lands, within 200 feet on each side of the central line of its main track, for the purpose of planting trees' or erecting screens thereon for the protection of its road against snow. G. S. 1894, § 2668. The defendant's road had been built and was being operated across a tract of land owned by the plaintiffs, the company having previously acquired a right of way of the usual width. On October 2, 1883, it instituted condemnation proceedings to acquire additional land adjoining its right of way, and within the prescribed distance of the center line of its main track. The additional land sought to be condemned is shown on the plat contained in the paper book.

In its petition the defendant alleged that it was necessary to acquire this land for the purpose of protecting its road against snow, and prayed that commissioners be appointed to ascertain and determine the compensation to be paid to the owners for the taking of such land for the purpose of erecting screens or planting trees thereon to protect its road from snow. After a hearing the court made an order determining that it was necessary that the defendant should acquire this land in order to operate and maintain its

road and protect it against snow, and appointing commissioners to ascertain and determine the amount of compensation which should be paid to the plaintiffs for taking the land for the purposes set forth in the petition, and further ordering that the right to be acquired by the defendant in said land should be "an absolute title, for the purposes aforesaid, forever, without limitation or reservation."

The commissioners made and filed a report assessing at $250 plaintiffs' damages "by reason of the taking and appropriation by the petitioner herein [defendant] of an absolute title forever, as ordered by the court herein, of and in the lands and premises mentioned and described in the petition herein, for the purposes therein set forth." The plaintiffs accepted payment of the damages awarded by the commissioners, and receipted therefor as full payment and compensation for damages sustained by them

"By reason of the taking and by reason of the acquisition by said railway company, by condemnation, for the purpose of erecting screens or planting trees thereon to protect its railroad from snow," of said lands.

Thereupon and thereafter the defendant erected and maintained a snow fence, substantially parallel with its road, on the outer line of the tract so condemned, but did not inclose it with its right of way, or, so far as appears, do anything further on the premises until 1895. In the meantime the plaintiffs continued, with the tacit consent of the defendant, to till and cultivate that part of the tract between the snow fence and the defendant's right of way. In the spring of 1895 the defendant, apparently fearing that otherwise its rights would be barred by the statute of limitations, inclosed the whole tract by erecting wire fences from the right of way fence to the ends of the snow fence, for the purpose of appropriating the land to its own exclusive use and excluding the plaintiffs therefrom. This is the act complained of, for which plaintiffs seek to recover damages.

Plaintiffs' contention, which was sustained by the trial court, is that the defendant only acquired an easement in the land for the sole purpose of building fences and planting trees for the purpose of protecting its road from snow; that the fee remained in the plain-

tiffs, who were entitled to the possession and use of the land for every purpose not incompatible with the use for which it had been condemned by the defendant, to wit, the building of fences and planting trees to protect its road from snow; that the burden of proof was on the defendant to show that the continued use of the land by the plaintiffs was incompatible with the use for which it was condemned; and that there was no evidence of any such incompatibility, or that the defendant intended to use the land any differently from what it had in the past, or to do anything that was incompatible with its cultivation by the plaintiffs. With this view of the law we are unable to concur.

We shall assume, for the purposes of the case most favorably to the plaintiffs, that the defendant only acquired an easement in the land, and not the fee; also, that this easement extended only to building fences or screens and planting trees for the purpose of protecting the railroad from snow. It is not claimed that the defendant has used the land for any purposes not authorized by the easement which it has acquired. The head and front of its offending is in assuming exclusive possession, and excluding the plaintiffs from possession. It will also be observed that there is nothing in the order of court appointing commissioners limiting the easement to be acquired by reserving to the landowners any rights and privileges in the land, which the court may, in its discretion, do in such cases, and which, if done, must be contained in the order. See G. S. 1894, §§ 2608, 2647. Indeed, the language of the order, already quoted, is that the right to be acquired by the defendant in the land should be "an absolute title, for the purposes aforesaid, forever, without limitation or reservation."

Our view of the law is that the question of the necessity for taking the land for public purposes was determined and settled by the order of the court appointing the commissioners; that, whatever may be the particular railroad purpose giving rise to this necessity, —whether for right of way, depot grounds, railroad yards, sites for machine shops, elevators, etc., or for planting trees or erecting screens to protect the road from snow,—the railroad company is entitled to the exclusive possession of the land, unless otherwise expressly provided in the order of the court, so long as it sees fit to

use it for the purposes for which it was acquired; that it is for the railroad company, and it alone, to determine when it deems it necessary or proper to use the land for such purposes, and when it takes possession the burden is not on it to show that the manner of the use is necessary.

We fail to perceive any distinction in principle in this respect between land acquired for protection against snow, and land acquired for right of way, or any of the other numerous purposes for which railroad companies may condemn. There are manifest reasons, founded on public policy and necessity, why the possession of land acquired for railroad purposes should ordinarily be exclusively in the company, and not concurrently in it and the former owner. If the contention of the plaintiffs should prevail, it would produce interminable vexatious litigation. The result would be that, every time a railway company attempted to take possession of property which it had acquired for a railroad purpose, it would be liable to be involved in a contest with the former landowner over the question whether such possession was presently needed for the purpose for which the property was acquired, or whether the continued possession and use of the land, or some part of it, by the landowner, was compatible with its use by the company for the purpose for which it was condemned.

The order appealed from is reversed and the cause remanded, with directions to the court below to amend its conclusions of law in accordance with this opinion, and upon the findings of fact to order judgment for the defendant.